DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal of misdemeanor marijuana and drug paraphernalia possession convictions entered on a no contest plea in the Fulton County Court, Western District.
 {¶ 2} On the afternoon of March 15, 2007, an Archbold police officer was dispatched to an East Holland Street apartment to investigate a child custody or visitation *Page 2 
dispute. When the officer arrived he saw a woman in the hallway talking to someone in the apartment through an open door.
 {¶ 3} According to the officer, the woman in the hallway complained to him that appellant, Nicholis Biddix, was the father of her son and had been smoking marijuana in his apartment in the boy's presence. The woman said she could smell it. The officer then entered appellant's apartment through the open door. The officer testified that, while there were scented candles burning, he could detect no odor of marijuana.
 {¶ 4} At a subsequent suppression hearing, the officer testified that the woman in the hall wanted him to search the apartment for marijuana, but he advised her that he could not do that. He did inquire of appellant as to whether he had any marijuana, at which point, "* * * he went and got it."
 {¶ 5} The officer seized 5.3 grams of marijuana and a marijuana pipe, issuing appellant a citation for minor misdemeanor possession of the drug and fourth degree misdemeanor possession of the pipe. Appellant pled not guilty and moved to suppress the marijuana and pipe as having been obtained in violation of the Fourth Amendment to the United States Constitution. When, following a hearing, the trial court denied appellant's suppression motion, he amended his plea to no contest and was found guilty as charged. The court fined appellant $200 and suspended his driver's license for 180 days, all stayed pending appeal. From this judgment of conviction, appellant now brings this appeal. *Page 3 
 {¶ 6} In his sole assignment of error, appellant contends that the officer's warrantless entry of appellant's apartment was not justified, thus all evidence from such search should be suppressed.
 {¶ 7} When considering a motion to suppress, the trial court assumes the role of the trier of fact and is, therefore, in the best position to resolve factual questions and evaluate the credibility of a witness.State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard.State v. Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 8} The Sixth Amendment to the United States Constitution forbids unreasonable searches and seizures. Searches and seizures inside a private home without a warrant are presumptively unreasonable.Payton v. New York (1980), 445 U.S. 573, 586, 100 S.Ct. 1371,63 L.Ed.2d 639. Absent exigent circumstances, a search warrant is required to enter a private home. State v. Jacobs (May 31, 1995), 9th Dist. No. 16916, at 4. "Exigent circumstances `means generally that the delay associated with securing a warrant would result in endangering police officers or other individuals or would result in concealment or loss of evidence.'"State v. Willis (July 27, 1994), 2nd Dist. No. 14276, quoting Katz, Ohio Arrest Search and Seizure (3 Ed.) 155. *Page 4 
 {¶ 9} "Without an invitation to enter, a police officer may not cross the threshold of a home unless some exception to the warrant requirement applies." United States v. Vurgess (S.D.Ga., Aug. 20, 2008), No. CR408-085, slip opinion. An open door is not an invitation to entry.McClish v. Nugent (C.A.11, 2007), 483 F.3d 1231, 1241. In this matter, the officer testified only that he saw an open door and entered. There was no suggestion that appellant or anyone else invited him in. Moreover, there was no evidence of exigent circumstances which might justify the officer's warrantless intrusion into appellant's home. There was no report of physical violence. There was no suggestion that any person or property inside the apartment was in jeopardy. Neither was there testimony of any other circumstances which could be properly characterized as of sufficient exigency to justify entry. Consequently, we must conclude that the officer's entry into appellant's apartment violated appellant's Fourth Amendment rights to be secure in his dwelling. Since all evidence obtained following the officer's entry was the fruit of that act, it should have been suppressed. Accordingly, appellant's sole assignment of error is found well-taken.
 {¶ 10} On consideration whereof, the judgment of the Fulton County Court, Western District, is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Appellee is ordered to pay cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
 JUDGMENT REVERSED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, P.J., Concur. *Page 1